DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kelli Williams,<br><br>Plaintiff,<br><br>v.<br><br>Barberton City School District Board of Education,<br><br>Defendant. | ) | CASE NO. 5:11 CV 2514<br><br>ORDER |

I. INTRODUCTION

In this case, plaintiff claims a cause of action under 42 U.S.C. § 1983, alleging that defendant violated her rights under the First Amendment of the United States Constitution by terminating her employment as a "parent coordinator" in the local Head Start program. Plaintiff originally filed this case on October 21, 2011 in the Court of Common Pleas of Summit County, Ohio. On November 18, 2011, defendant filed a Motion for a More Definite Statement in state court, then removed the case to this Court.

This Court subsequently referred the case to Magistrate Judge George Limbert for general pretrial supervision. After the case was referred to Magistrate Judge Limbert, plaintiff filed a motion for default judgment. ECF 3. Defendant opposed the motion for default judgment (ECF 4) and plaintiff replied (ECF 6).

Magistrate Judge Limbert issued an Interim Report and Recommendation, recommending that the motion for default judgment be denied and that the defendant be granted leave to re-file

its motion for a more definite statement or file an answer. ECF 7. Plaintiff has objected to Magistrate Judge Limbert's Interim Report and Recommendation. ECF 8.

Defendant did not respond to plaintiff's objection to Magistrate Judge Limbert's Interim Report and Recommendation, however, defendant has filed a motion for a more definite statement. ECF 9. Plaintiff has opposed the motion on the grounds that the Court has not yet resolved plaintiff's pending motion for default judgment. ECF 10.

## II. INTERIM REPORT AND RECOMMENDATION

In summary, plaintiff argues that she is entitled to default judgment because, although defendant filed a motion for a more definite statement in state court, the filing of that motion does not serve to avoid a default after removal under Federal Rules of Civil Procedure 55 and 81(c). Defendant counters in opposition that defendant filed a motion for a more definite statement in state court before removing the case, and that motion is actionable under the Federal Rules of Civil Procedure, thereby rendering default judgment inappropriate.

After summarizing the parties' respective positions, Magistrate Judge Limbert succinctly described the contested issue: "The parties disagree as to the effect of the filing of the Ohio Rule 12(E) motion in state court on the deadline for filing the answer in state court." ECF 7. After considering the parties' respective arguments and independently researching the issue, Magistrate Judge Limbert concluded that "the law on this issue is not settled, and, therefore, default judgment is not warranted." *Id.* The Interim Report and Recommendation recommends that plaintiff's motion for default judgment be denied and that defendant be granted leave to file an answer or motion for a more definite statement. Plaintiff objects to Magistrate Judge

Limbert's Interim Report and Recommendation, arguing that the law is well settled and under Federal Rule 81(c), defendant cannot claim that the Ohio Rule 12(3) motion filed in state court tolls its time to file a responsive pleading under the federal rules after removal.[1]

## III. THE COURT'S RULING

Defaults are generally disfavored by the courts in favor of resolving disputes on the merits. "It is hornbook law that the law disfavors defaults." 2006 WL 3612850 at * 1(N.D. Ohio) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs*., 796 F.2d 190, 193 (6th Cir. 1986)). When any doubt exists as to whether a default should be entered or vacated, doubt should be resolved in favor of the allegedly defaulting party in the interest of resolving conflicts on the merits. *Id.*

Rule 55 provides an important mechanism for dealing with parties who do nothing to respond to a complaint. It is not the case here that defendant did nothing to respond to plaintiff's complaint. Before the case was removed, the defendant file a motion for a more definite statement under Ohio Rule 12(e), which defendant argues is actionable by this Court, therefore tolling the deadline for filing an answer in accordance with Federal Rule 12(a)(4).[2] Plaintiff argues it is clear that defendant's Ohio Rule 12(e) motion for a more definite statement is not

---

[1] The timelines for responsive pleadings in removed action in Rule 81(c) does not encompass situations in which the defendant has not been properly served with process. *Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344, 354-55 (1999). *See* Moore's Federal Practice 3d § 81.04(4)(b). In footnote 2 of the defendant's pending motion for a more definite statement, "The Board specifically asserts that it has not been properly served. In filing this motion, the Board does not waive any defense, affirmative or otherwise, regarding service."

[2] Defendant cites *Maggiore v. Barensfeld*, 2011 WL 1811067 (N.D. Ohio 2011) for the principle that a federal court takes a case as it finds it on removal, and takes it as though everything done in state court has been done in federal court.

actionable in federal court and does not toll the timelines in Federal Rule 81(c) for filing an answer or responsive pleading after removal.

In her objection to Magistrate Judge Limbert's Interim Report and Recommendation, plaintiff characterizes defendant's position as "refusing to admit it made a tactical error and refusing to ask for curative leave to evade the harsh sanction [of default judgment]." ECF 8. The Court notes that defendant has since filed a motion for a more definite statement pursuant to Federal Rule 12(e).

There is nothing in the record to suggest that plaintiff would be prejudiced in the prosecution of her case on the merits at this early stage of litigation if the Court denies plaintiff's motion for default judgment. After considering the totality of the circumstances in this case, and the overwhelming case law disfavoring default in favor of a deciding a case on the merits, the Court declines decide this case on the basis of a "tactical error" as described by plaintiff, and exercises its discretion in favor of deciding this case on the merits.

Accordingly, the Court overrules plaintiff's objection to Magistrate Judge Limbert's Interim Report and Recommendation, and plaintiff's motion for default judgment (ECF 3) is DENIED.

The Interim Report and Recommendation also recommended that the defendant be granted leave to re-file its motion for a more definite statement, or otherwise answer or file a responsive pleading. The Court adopts Magistrate Judge Limbert's recommendation, and notes that during the period between the Magistrate Judge Limbert's Interim Report and Recommendation and this Order, defendant has filed a motion for a more definite statement

pursuant to Federal Rule 12(e). ECF 9. Plaintiff's motion (ECF 10) to strike or stay defendant's motion for a more definite statement until the Court ruled on plaintiff's motion for default judgment is now moot, and denied as such.

Having overruled plaintiff's objection to the Interim Report and Recommendation and denied plaintiff's motion for default judgment, this case continues to be referred to Magistrate Judge Limbert for general pre-trial supervision.

IT IS SO ORDERED.

January 13, 2012
Date

*s/ David D. Dowd, Jr.*
David D. Dowd, Jr.
U.S. District Judge